UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.   § | Case No. 4:21-CR-103 |
| § | |
| FATHY ELSAFTY, § | |
| § | |
| Defendant.   § | |

### UNITED STATES' RESPONSE IN OPPOSITION TO ELSAFTY'S MOTION TO RECONSIDER DENIAL OF SEVERANCE

The United States of America, by and through the undersigned counsel, respectfully requests that this Court deny Defendant Fathy Elsafty's ("Elsafty") Motion (the "Motion"). (Docket Entry No. 199). On July 18, 2022, Elsafty filed an initial Motion to Sever (the "Initial Motion"). (Docket Entry No. 97). On August 18, 2022, the Court denied this Initial Motion. (Docket Entry No. 121). The Court should deny Elsafty's pending Motion because the facts and circumstances supporting a joint trial with his co-defendant, Mohamed Mokbel ("Mokbel"), have not significantly changed.

### FACTUAL BACKGROUND

The Superseding Indictment[1] charged Mokbel and Elsafty jointly with one count of conspiracy to commit healthcare fraud and mail fraud, in violation of 18 U.S.C. § 1349 and alleged a lengthy conspiracy involving the operation of 14 pharmacies and a scheme to defraud Medicare, Medicaid, and private insurance plans. (Docket Entry No. 99). Elsafty is alleged to have provided "accounting and tax services for Mokbel.." and held "legal and financial ownership stakes" in

---

[1] The Initial Motion was filed on July 18, 2022. The Superseding Indictment was returned on July 20, 2022. The Initial Motion was denied on August 18, 2022. Therefore, the focus of this response is comparing the pending indictment at the time of the Court's denial, the Superseding Indictment, to the current indictment, the Third Superseding Indictment.

1

some of the 14 pharmacies[2]. *Id.* at ¶¶ 4, 5. Elsafty was also charged with three counts of money laundering, in violation of 18 U.S.C. § 1957. *Id.*

On January 11, 2024, the grand jury returned a Third Superseding Indictment charging Mokbel and Elsafty jointly with the same count of conspiracy to commit healthcare fraud and mail fraud, in violation of 18 U.S.C. § 1349 and again alleged a lengthy conspiracy involving the same operation of 14 pharmacies and a scheme to defraud Medicare, Medicaid, and private insurance plans. (Docket Entry No. 194). Elsafty was again alleged to have provided "accounting and tax services for Mokbel…" and held "legal or financial ownership" in some of the 14 pharmacies. *Id.* at ¶ 37. Elsafty was also charged with one count of health care fraud, in violation of 18 U.S.C. § 1347. *Id.*

Although the Third Superseding Indictment added an additional count of conspiracy to defraud the United States and to buy, sell, and distribute Medicare numbers and to pay health care kickbacks, in violation of 18 U.S.C. § 371, against Mokbel (Docket Entry No. 194), these facts were specifically alleged in the Superseding Indictment. (Docket Entry No. 99 at ¶ 10[3]).

## LEGAL STANDARD

As previously stated in the Court's order denying Elsafty's Initial Motion:

> Joinder of criminal defendants is appropriate if the defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." FED. R. CRIM. P. 8(b); see also *Zafiro v. United States*, 605 U.S. 534, 537 (1993) ("There is a preference in the federal system for joint trials of defendants who are indicted together."). Trying codefendants together is "the rule, rather than the exception . . . , especially in conspiracy cases." *United States v. Barnes*, 979 F.3d 283, 316 (5th Cir. 2020) (quoting *United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993)); see also

---

[2] The first Indictment only included 10 pharmacies. (Docket Entry No. 1 at ¶10). Investigators later discovered more pharmacies that were part of the same operation.

[3] "To obtain customers for 4M pharmacies, Mokbel purchased patient data from vendors that often included the personal identifying information of patients, their insurance plans, and their doctors."

2

> *United States v. Booker*, 334 F.3d 406, 415 (5th Cir. 2003) (the preference for joint trials is particularly strong when codefendants "are allegedly members of a conspiracy").

(Docket Entry 121 at 1-2). Severance may be appropriate where a defendant demonstrates that "'a joint trial would compromise a specific trial right…,or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Warren*, 728 F. App'x 249, 253 (5th Cir. 2018) (quoting *Zafiro*, 506 U.S. at 539) (Docket Entry No. 121 at 2). Severance to prevent spillover effects from a more culpable defendant "by itself, is an insufficient predicate for a motion to sever" and "required only in the most *extreme* cases." (Docket Entry No. 121 at 2) (quoting *United States v. Bieganowski*, 313 F.3d 264, 287 (5th Cir. 2002) and *United States v. Rocha*, 916 F.2d 219, 228–29 (5th Cir. 1990) (emphasis in original)). Finally, "a defendant seeking severance on the basis of exculpatory testimony by a codefendant must show" four elements including, importantly, "(1) a bona fide need for the testimony..."

## **ARGUMENT**

**A.      The protections to address any alleged prejudice from a joint trial are still applicable**

The Court noted previously that "Elsafty's argument about 'spillover' evidence describes a risk of prejudice that the Court can address by appropriate instructions to the jury." (Docket Entry No. 121 at 3). Addressing concerns about the need for Mokbel's testimony, the Court noted that "there are other witnesses available to testify about Elsafty's relationship with Mokbel and his role in the actions that are at issue in this case." *Id.* at 4. These protections still apply to protect Elsafty's right to a fair trial regarding the allegations in the Third Superseding Indictment. Elsafty has not addressed how the Third Superseding Indictment specifically changes anything as it relates to spillover effects or the need for Mokbel's testimony.

### B. The Third Superseding Indictment alleges the same conspiracy to commit health care fraud and mail fraud as prior indictments.

Elsafty alleges that "the Government further narrowed the charges against Mr. Elsafty and increased the scope of charges against" Mokbel. (Docket Entry No. 199 at 1). While substantive counts may have changed slightly against Elsafty, the allegations underlying Count 1, conspiracy to defraud Medicare, Medicaid, and private insurance plans, and Elsafty's role in the conspiracy have remained consistently the same in the prior indictments and in the current indictment. Additionally, Mokbel's illegal purchase of patient data is alleged in the manner and means of the current and prior indictments. There has been no significant change in allegations in the indictments.

### C. Defendant's reliance on *Zafiro v. United States*, 506 U.S. 534 (1993) is misplaced.

It is unclear why Defendant relies on *Zafiro v. United States,* 506 U.S. 534 (1993) (*see* Def. Mot at 1, n.2), as the case dealt with a claim that severance was warranted due to the defenses of the codefendants being "mutually antagonistic." *Id.* at 537. Notably, the Supreme Court denied such a claim. Nevertheless, in *Zafiro*, the Supreme Court explained that joint trials "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Id.* at 538 (internal citations omitted). As for Fed. R. Crim. P. 14, the Supreme Court explained that not only does it not require severance for mutually antagonistic defenses, but severance is not even required if prejudice is shown; "rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Id.* The Supreme Court further explained that severance should only be granted if joinder created a "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539. Importantly, the Court specifically held that "it is well settled that defendants are not entitled to severance merely because they may have

4

a better chance of acquittal in separate trials." *Id.* The Court then additional held that "even if there were some risk of prejudice, here it is of the type that can be cured with proper instructions, and juries are presumed to follow their instructions." *Id.* at 540.

Here, as in the earlier versions of the indictment, Defendants are charged in a conspiracy. Indeed, Defendant admits that his codefendant is charged in all of the charges for which Defendant himself is charged. Thus, joinder is the rule, not the exception. Moreover, mere allegations of spillover effects and jury confusion are insufficient to warrant severance and, notably, Defendant has not explained how a proper jury charge, which is presumed the jury will follow (*see generally United States v. Lyon,* --- F.3d ---, 2023 8797885, at *2 (5th Cir. Dec. 20, 2023) (publication pending)), could remedy his concerns.

## CONCLUSION

Elsafty fails to provide sufficient factual proof or legal authority to support the reconsideration of his prior motion to sever. The Court should deny Elsafty's Motion to Reconsider Motion to Sever.

    Respectfully submitted,

    ALAMDAR S. HAMDANI
    United States Attorney

By: */s/ Kathryn Olson*
    Kathryn Olson
    Special Assistant United States Attorney
    Adam Laurence Goldman
    Assistant United States Attorney
    1000 Louisiana Street, Suite 2300
    Houston, TX 77002
    Phone: (713) 567-9146
    E-mail: Kathryn.Olson@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed on February 2, 2024 and a copy served electronically by the Court's CM/ECF System on all counsel of record.

*/s/ Kathryn Olson*
Special Assistant United States Attorney
