United States District Court
Southern District of Texas
**ENTERED**
February 29, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § § | |
| Plaintiff, § | |
| v. § | CRIMINAL ACTION NO. H-21-103 |
| § | |
| MOHAMED M. MOKBEL *and* FATHY ELSAFTY, § § § | |
| § | |
| Defendant. § § § | |

**MEMORANDUM AND ORDER**

The government alleges that Mohamed Mokbel and Fathy Elsafty conspired to defraud Medicare, Medicaid, and private drug plan sponsors, in violation of 18 U.S.C. § 1349. (Docket Entry No. 194). The government also alleges several counts against Mokbel alone, including bribery, money laundering, and violations of 18 U.S.C. §§ 371–72. (*Id.*). In July 2022, Elsafty moved to sever his trial from Mokbel's. Elsafty argued that a joint trial would unfairly prejudice him because of the effect of spillover evidence and the potential lost opportunity to have Mokbel testify on his behalf. (Docket Entry No. 97). The court denied the motion for severance. (Docket Entry No. 121). The government then filed a third superseding indictment, which narrowed the charges against Elsafty. (Docket Entry No. 194).

Elsafty now moves for reconsideration of the court's denial of severance. (Docket Entry No. 199). The government opposes. (Docket Entry No. 202). Based on the briefs, the record, the applicable law, and the arguments of counsel, the court denies the motion for reconsideration. The reasons are set out below.

**I.      The Legal Standard**

While the Federal Rules of Criminal Procedure do not provide for a motion for reconsideration, *see United States v. CITGO Petrol. Corp.*, 908 F. Supp. 2d 812, 820 (S.D. Tex. 2012), the Supreme Court has "concluded that motions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010) (citing *United States v. Healey*, 376 U.S. 75, 84 (1964)); *see United States v. E.I. Du Pont De Nemours & Co.*, 622 F. Supp. 3d 460, 467 (S.D. Tex. 2022). "Motions to reconsider in criminal cases are judicial creations not derived from any statute or rule." *United States v. Salinas*, 665 F. Supp. 2d 717, 720 (W.D. Tex. 2009) (citing *United States v. Brewer*, 60 F.3d 1142, 1143 (5th Cir. 1995); *Matter of Shivers*, 900 F. Supp. 60, 62–63 (E.D. Tex. 1995)). District courts "possess continuing jurisdiction over criminal cases and are free to reconsider their own earlier decisions." *Id.* (citing *United States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975)).

**II.     Analysis**

Elsafty's motion to reconsider points generally to the third superseding indictment. (Docket Entry No. 199 at 1). He argues that "the new indictment clearly illustrates 'markedly different degrees of culpability' among the co-defendants." (*Id.*). The question is whether this increases the risk that he cannot be fairly tried with those codefendants.

Joinder of criminal defendants is appropriate if they "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b); *see also Zafiro v. United States*, 506 U.S. 534, 537 (1993) ("There is a preference in the federal system for joint trials of defendants who are indicted together."). Trying codefendants together is "the rule, rather than the exception . . . especially in conspiracy cases." *United States v. Barnes*, 979 F.3d 283, 316 (5th Cir. 2020) (quoting *United States v.*

2

*Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993)). If defendants are tried together, the court gives the jury careful instructions to consider each count, and the evidence pertaining to it, as to each defendant, "separately and individually," emphasizing that even if the jury finds one or more of the defendants guilty or not guilty as to any of the crimes charged, that "should not control [the jury's] verdict as to any other crime or any other defendant. [The jury] must give separate consideration to the evidence as to each defendant." (Fifth Circuit Pattern Jury Instructions, Criminal, § 1.25 (2019)). "A jury is presumed to follow [the court's] instructions." *Weeks v. Angelone*, 528 U.S. 225, 234 (2000). "The remedy of severance is justified only if the prejudice flowing from a joint trial is clearly beyond the curative powers of a cautionary instruction," *United States v. Morrow*, 537 F.2d 120, 136 (5th Cir. 1976).

A court may order separate trials "[i]f the joinder of offenses or defenses in an indictment . . . appears to prejudice a defendant[.]" Fed. R. Crim. P. 14(a). A "general description of complexity or antagonistic defenses is not sufficient to show the 'specific and compelling prejudice'" that would mandate severance. *United States v. Booker*, 334 F.3d 406, 415 (5th Cir. 2003) (quoting *United States v. Richards*, 204 F.3d 177, 193 (5th Cir. 2000)). To demonstrate prejudice, "a defendant must show that 'a joint trial would compromise a specific trial right . . . or prevent the jury from making a reliable judgment about guilt or innocence.'" *United States v. Warren*, 728 F. App'x 249, 253 (5th Cir. 2018) (quoting *Zafiro*, 506 U.S. at 539).

Elsafty has not shown that the third superseding indictment changes the factual allegations or applicable law in a way that increases the need for a severance to avoid undue prejudice. Elsafty cites *Zafiro* for the proposition that "markedly different degrees of culpability" support severance. *Zafiro* states only that different degrees of culpability may heighten the risk of prejudice, 506 U.S. at 539, but does not support the argument that the risk here requires or supports severance. *Zafiro*

cites *Kotteakos v. United States*, 328 U.S. 750, 773 (1946), as an example of "markedly different degrees of culpability" that supported separate trials. In *Kotteakos,* the government attempted to jointly try "eight or more separate and distinct crimes . . . when the only nexus among them lies in the fact that one man participated in all." The defendants' roles in this case are different. Under the third amended indictment, Elsafty allegedly participated in the same crime as Mokbel, as part of a single alleged conspiracy. Elsafty's alleged crimes are related to Mokbel's, supporting a joint trial. Elsafty has not shown that the third superseding indictment changed the allegations of fact or the applicable law in a way that so increases the risk of prejudice as to make the court's instructions on separate consideration of each defendant and each count ineffective.

Elsafty again raises the argument that "less than one percent" of the evidence concerns his conduct, not Mokbel's. (*Cf.* Docket Entry No. 199 at 2 *and* Docket Entry No. 97 at 4). Disparity in the amount or type of evidence against one defendant as compared to others is not in itself a basis for severance, particularly in a conspiracy case. *See United States v. Mitchell*, 31 F.3d 271, 276 (5th Cir. 1994). A "spillover effect, by itself, is an insufficient predicate for a motion to sever." *United States v. Bieganowski*, 313 F.3d 264, 287 (5th Cir. 2002); *see also United States v. Lewis*, 476 F.3d 369, 384 (5th Cir. 2007) (same). Severance is required to prevent spillover effects "only in the most *extreme* cases." *United States v. Rocha*, 916 F.2d 219, 228–29 (5th Cir. 1990) (emphasis in original).

> As this court explained in its opinion denying severance:
>
> Elsafty's argument about "spillover" evidence describes a risk of prejudice that the court can address by appropriate instructions to the jury. The spillover risk described here—that there is substantially more evidence against Mokbel than Elsafty—does not rise to the extreme level that would make severance appropriate. *Rocha*, 916 F.2d at 228–29. The pattern jury charge instructs jurors to consider evidence with respect to each defendant individually, and the court can modify or add to that instruction as appropriate. *See* Fifth Cir. Pattern Jury Instructions § 1.24 (2019). Considering both the indictment and Elsafty's motion, the alleged conspiracy is neither so vast nor so complex that a joint trial would

4

> confuse properly instructed jurors or make them unable to weigh the evidence against each defendant appropriately.

(Docket Entry No. 121). The court also addressed the issue of Mokbel's potential testimony on behalf of Elsafty at that time, and Elsafety has not re-raised this ground on reconsideration. (*Id.*). Elsafty has raised no new point of law or fact that would justify reconsideration or severance.

### III.   Conclusion

Elsafty's motion presents insufficient grounds for the "extraordinary remedy" of reconsideration. He instead attempts to relitigate issues that the court decided in ruling on the motion for severance. *Templet*, 367 F.3d at 478–79 (A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.").

The court denies Elsafty's motion for reconsideration. (Docket Entry No. 199).

SIGNED on February 29, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge